UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANSEL COLLINS JONES and<br>   LIONEL JONES | CIVIL ACTION |
| VERSUS | NO. 16-778 |
| ALLSTATE PROPERTY AND CASUALTY<br>   INSURANCE | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is the motion for summary judgment filed by Defendant Allstate Property and Casualty Insurance. For the reasons stated herein, **IT IS ORDERED** that the motion (Rec. Doc. 10) is **DENIED**.

Plaintiff Ansel Jones was injured in an automobile accident that occurred on December 18, 2013. The accident occurred when another vehicle ran a stop sign and struck the BMW that Ms. Jones was driving. The driver of the other vehicle did not have liability insurance at the time of the accident.

The BMW that Ms. Jones was driving at the time of the accident was purchased by Mr. Jones before he and Ms. Jones married and remained his separate property. Ms. Jones owned a 2002 Honda Accord as separate property. At the time of the accident, however, Ms. Jones was driving her husband's BMW because her Honda was having transmission problems. The BMW was insured by Allstate under a policy of insurance containing a waiver of uninsured motorist coverage.

Ms. Jones had a separate Allstate insurance policy for her Honda. Her policy, however, unlike Mr. Jones' policy, provided uninsured motorist coverage. *See* Rec. Doc. 10-11, at p. 7.

In support of its motion, Defendant Allstate contends that Ms. Jones' Allstate policy provides no UM coverage for the injuries she suffered as a result of the December 18, 2013 accident because the automobile she was driving at the time of the accident, Mr. Jones' BMW, is not an "*insured vehicle*" as that term is defined in the policy. *See* Rec. Doc. 10-4, p. 4; Rec. Doc. 10-12, p. 7 of 21 - p. 8 of 21. Significantly, however, Defendant has not demonstrated that the UM coverage provided by Ms. Jones' policy necessarily requires the involvement of an "*insured vehicle*." Rather, the policy states with respect to UM coverage:

> **Part V**
>
> **Uninsured Motorists Insurance Coverage SS**
>
> We will pay those damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of:
>
> (1) bodily injury sustained by an insured person, and
> (2) property damage to your insured auto, if a separate limit is shown on the Policy Declarations for Uninsured Motorists Insurance - Property Damage[.]
>
> \* \* \*
>
> Bodily injury or property damage must be caused by accident and arise out of the ownership, maintenance, or use of an uninsured auto[.]
>
> \* \* \*

*See* Rec. Doc. 10-12, p. 7 of 21. There is no dispute that Ms. Jones is an insured person under the policy at issue and that she seeks recovery for bodily injury caused by the owner or operator of an uninsured auto. Accordingly, on the instant showing made, Defendant Allstate's motion is denied.[1]

New Orleans, Louisiana, this 30th day of January, 2017.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**Clerk to Copy:**

Magistrate Judge Knowles

---

[1] The Court notes that Defendant's motion and memoranda offer no treatment of Exclusion (1) to the UM coverage provided by the policy issued to Ms. Jones. The exclusion provides:

> **Exclusions - What is not covered**
>
> We will not pay for damages an insured person is legally entitled to recover because of:
>
> (1) bodily injury to an insured person while in, on, getting into, or out of a motor vehicle owned by you or the injured insured person, if the motor vehicle is not insured for this coverage under this policy.
>
> * * *

*See* Rec. Doc. 10-12, p. 8 of 21. The terms "You" or Your" are defined by the policy as "the policy holder named on the Policy Declarations and that policyholder's resident spouse. " *Id.* Defendant's reply confirms, however, that "Allstate is not asserting the applicability of any exclusion." *See* Rec. Doc. 15, p. 2.